IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE L. SOWERS, | ) |
| Plaintiff, | ) Civil Action No. 7:18CV00573 |
| v. | ) **MEMORANDUM OPINION** |
| ANDREW SAUL, Commissioner, Social Security Administration, | ) By: Hon. Glen E. Conrad<br>) Senior United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 401–33. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

By order entered June 27, 2019, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On February 26, 2020, the magistrate judge submitted a report in which he recommends that this case be remanded to the Commissioner for further development and consideration of the entire medical record. The Commissioner has filed objections to the magistrate judge's report, plaintiff has responded to those objections, and the matter is now ripe for the court's consideration.

This court is charged to conduct a de novo review. See 28 U.S.C. § 636(b)(1). The court's review is limited to a determination as to whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

Plaintiff was born in 1960 and has obtained a high school diploma. R. 37. He worked for Volvo Trucks in various roles over the course of 25 years, including as a parts checker. R. 37, 66. On November 12, 2014, plaintiff filed an application for disability insurance benefits. R. 174–77. Plaintiff alleged disability as of May 29, 2013 from major depression, anxiety, panic and fatigue attacks, and a broken neck due to a car wreck with a concussion. R. 191. Plaintiff has not worked since that date, and the record reveals that plaintiff met the insured status requirements of the Act through December 31, 2019. See R. 18, 20, 37, 178. Plaintiff's claim was denied upon initial consideration and reconsideration. R. 71–82; R. 84–95. Plaintiff then requested and received a de novo hearing and review before an Administrative Law Judge.

In an opinion dated November 1, 2017, the Law Judge concluded that plaintiff is not entitled to disability insurance benefits. R. 15–32. Among other things, the Law Judge determined that plaintiff has severe impairments of chronic obstructive pulmonary disease, sleep apnea, lumbosacral and cervical strain, degenerative joint disease in the knee and degenerative joint disease in the right elbow. R. 20. The Law Judge also found plaintiff to have nonsevere mental impairments of depression and anxiety because they "do not cause more than minimal limitation in [plaintiff's] ability to perform basic mental work activities." R. 21. In addition, the Law Judge determined that plaintiff has "the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [plaintiff] could frequently balance, occasionally climb ramps or stairs, kneel, stoop and crouch." R. 24. The Law Judge further found that such residual functional capacity would allow plaintiff to return to his past work as a parts checker. R. 27.

The Law Judge considered plaintiff's testimony at the hearing, certain medical evidence, and opinion evidence from William Humphries, M.D., who performed a consultative examination of plaintiff in March 2015, as well as multiple opinions from non-examining state agency

physicians. R. 25–26; see also R. 401–04 (Dr. Humphries' opinion); R. 78–80 (Apr. 29, 2015 state agency medical physician evaluation by Joseph Duckwall, M.D.); R 91–93 (Aug. 10, 2015 state agency medical physician evaluation by Gurcharan Singh, M.D.); R. 76–77 (May 1, 2015 state agency psychologist evaluation by Julie Jennings, Ph.D.); R. 89–90 (Aug. 25, 2015 state agency psychologist evaluation by Maurice Prout, Ph.D.).[1] The Law Judge found plaintiff's statements "concerning the intensity, persistence and limiting effects of" the symptoms of his alleged "major depressive disorder, anxiety, panic attacks, [and] fatigue" to be "not entirely consistent with the medical evidence and other evidence in the record." R. 24.

Plaintiff then sought review by the Social Security Commission's Appeals Council. In connection with his request for review, plaintiff submitted additional evidence to support his claim for benefits. On April 6, 2018, counsel for plaintiff sent the Appeals Council a letter attaching a January 31, 2018 questionnaire that was completed jointly by plaintiff's primary care providers: Dr. Scott Jamison and physician's assistant ("P.A.") Dawn Fouse. R. 9–11. Dr. Jamison and P.A. Fouse opined that plaintiff suffers from agorophobia, depression, neuropathy, and osteoarthritis. They opined that these impairments limit plaintiff's ability to stand or walk in the workplace and to lift 20 pounds occasionally. In addition, Dr. Jamison and P.A. Fouse concluded that plaintiff would miss work more than four times a month. Id. On April 23, 2018, plaintiff also submitted a nerve study test conducted by Rollin James Hawley, M.D., dated March 16, 2018. R. 7–8. Dr. Hawley, a neurologist, found that found that plaintiff has poor balance, moderately severe sensorimotor axonal peripheral neuropathy, and other impairments. Id.

---

[1] In describing these findings, the Law Judge stated that "the state agency mental consultants . . . opined that the [plaintiff's] mental impairments caused only mild limitations and were nonsevere." R. 22. In fact, Dr. Jennings noted that plaintiff has "severe" affective disorders, as plaintiff and the magistrate judge indicate. R. 77; ECF No. 18 at 8 n.8; ECF No. 22 at 7 n.5. This was, however, somewhat hidden by the exhibit label on Dr. Jennings' report. Id.

The Appeals Council ultimately denied plaintiff's request for review and adopted the Law Judge's opinion as the final decision of the Commissioner. In doing so the Appeals Council noted that plaintiff had:

> submitted evidence from Dawn Fouse, PA-C dated January 31, 2018 (3 pages) and Rollin James Hawley, MD, FACP, dated March 16, 2018 (2 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

R. 2. Having exhausted all available administrative remedies, plaintiff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The Social Security regulations expressly permit claimants to submit additional evidence, which was not before the Law Judge, when requesting review by the Appeals Council. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.968 and 404.970). In such cases, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the [Law Judge's] decision." Wilkins v. Sec'y, Health & Human Servs., 953 F.2d 93, 95–96 (4th Cir. 1991) (en banc) (citation and internal quotation marks omitted); see also 29 C.F.R. § 404.970(a)(5). If the Appeals Council erroneously refuses to

4

consider additional evidence, remand is appropriate. See Parham v. Comm'r of Soc. Sec., 627 F. App'x 233, 233 (4th Cir. 2015) (concluding that an opinion questionnaire submitted to the Appeals Council "constitute[d] new and material evidence that should have prompted a remand to the [Law Judge] for full and appropriate consideration"); Boothe v. Berryhill, No. 7:17-CV-00110, 2018 WL 709978, at *4–5 (W.D. Va. Feb. 5, 2018) (Conrad, J.). Even when the Appeals Council considers additional evidence and then denies review, the record must provide an "'adequate explanation of [the Commissioner's] decision.'" Meyer, 662 F.3d at 707 (alteration in original) (quoting DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)). If the record does not provide an adequate explanation, remand is appropriate. Id.

As previously noted, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and a recommended disposition. In his report, the magistrate judge recommended that the court remand plaintiff's claim to the Commissioner. Succinctly stated, the magistrate judge determined that the Appeals Council failed to consider new, material evidence submitted after the Law Judge's decision, which related back to the relevant period: the opinions of Dr. Jamison and P.A. Fouse. In contrast, the magistrate judge concluded that Dr. Hawley's opinion did not relate back. ECF No. 22 at 9–11.

In objecting to the report and recommendation, the Commissioner makes two primary arguments. First, the Commissioner argues that the evidence at issue does not compel a remand because the Law Judge's determination could still be ruled to be supported by substantial evidence. Second, the Commissioner argues that the Law Judge did not emphasize an "evidentiary gap" and thus, this case is distinguishable from Meyer, 662 F.3d at 707. After reviewing the record, the court concludes that it must overrule the Commissioner's objections because there is "good cause" to remand the case to the Commissioner for further development and consideration. See 42 U.S.C.

§ 405(g).

A claimant seeking Appeals Council review based on additional evidence must demonstrate good cause for not informing the Commissioner about such evidence or submitting it at an earlier stage. See 20 C.F.R. 404.970(b). The opinions of Dr. Jamison, P.A. Fouse, and Dr. Hawley were created after the Law Judge's decision, and after plaintiff retained his current counsel, who believed that opinions from plaintiff's treating providers would be useful. See ECF No. 25 at 2 n.2. Accordingly, plaintiff has shown good cause for not producing the evidence at issue to the Law Judge. Rollins v. Colvin, No. 7:13-CV-00548, 2015 WL 1275284, at *9 (W.D. Va. Mar. 19, 2015) (finding good cause where "the evidence did not exist until after the [Law Judge's] decision").

Likewise, the court concludes that the evidence that plaintiff submitted to the Appeals Council is new and material. The questionnaire and nerve test plainly satisfy the newness requirement, since they were not part of the record as of the date of the Law Judge's decision. This evidence is also not cumulative or duplicative of other evidence in the record. Without the questionnaire, the record lacks both any opinion evidence by plaintiff's treating physicians and any opinion evidence after 2015. The nerve test supplies objective medical evidence that was previously lacking. Further, the evidence is material. These opinions, which limit plaintiff to two hours of sitting and less than two hours of standing, R. 10–11, also directly contradict the Law Judge's determination that these are non-severe impairments, and his assessment of plaintiff's residual functioning capacity as requiring no limitation as to sitting and standing. See R. 21, 24. As noted above, P.A. Fouse's and Dr. Jamison's opinions as to plaintiff's physical capacity find support in Dr. Hawley's interpretation of the results of his neurological studies. Indeed, in the court's view, the new evidence is material in that there is a "reasonable possibility" that it would

have changed the outcome of the Law Judge's decision.  Wilkins, 953 F.2d at 96.

The court further concludes, that as in Meyer, the evidence is not so "one-sided" as to deny remand.  Meyer, 662 F.3d at 707.  For example, the Law Judge noted plaintiff's testimony that he could not return to his past work because of "his nerves and difficulty being around others."  R. 24.  At the same time, the Law Judge relied on plaintiff's ability to "perform some normal daily chores" and "get groceries at the local convenience store," determining that his "activities of daily living are not consistent with disabling symptoms and limitations."  R. 26; R. 44 (Plaintiff testified that he can mow his two-acre lawn over the course of two days, using a riding mower and taking breaks.).  Thus, Dr. Jamison's and P.A. Fouse's opinions "corroborate[]" certain evidence, but also "conflict[] with" certain evidence "credited by" the Law Judge.  Meyer, 662 F.3d at 707.

Such evidence also fills an evidentiary gap noted by the Law Judge, who determined that plaintiff's reported symptoms were not consistent with the medical record.  R. 24.  Yet, Dr. Jamison's and P.A. Fouse's opinions, as well as the neurological findings reported by Dr. Hawley—all of which were not before the Law Judge—appear consistent with plaintiff's testimony and reports regarding certain of his symptoms.  See, e.g., R. 45 (Plaintiff testified that "nerves mostly" kept him from being "in a work situation," because he "can't stand to be around a lot of people or loud noises."); 52 (Plaintiff's most severe problems with "nerves" started around February 2013, when he "tried to go back" to work, but his "stomach would get in knots" and he "would throw up."); 55 ("Sometimes those panic attacks last for hours."); 57 ("I've canceled doctor's appointments because I just don't think I can handle it."); R. 197 ("I know most everyone" at the convenience store "that doesn't bother too bad," but "[m]y neighbor checks on me every day [and] helps me with everything else."); R. 326 ("[Plaintiff] was accompanied by his neighbor to the emergency department."); R. 494 (describing "anxiety with panic attacks").  For these reasons,

the court concludes that there is a reasonable probability that the new evidence would have changed the outcome of the administrative proceedings.

Finally, the court finds that the evidence is chronologically relevant. Both Dr. Jamison and P.A. Fouse state that their opinions regarding plaintiff's anxiety, depression, and agoraphobia relate back to May 29, 2013. R. 11. In addition, upon conduct of its de novo review, the court believes that Dr. Hawley's objective studies and interpretation also relate back to the relevant period. First, Dr. Hawley's results noted that plaintiff had experienced "[m]any years" of issues, and three years of "increasing pain" in his lower extremities. R. 7. Second, the results support the opinions of Dr. Jamison and P.A. Fouse that plaintiff experiences difficulty standing and sitting. R. 10–11; see also, e.g., R. 475 (Apr. 8, 2015 report to P.A. Fouse that plaintiff felt tingling in his feet). In particular, Dr. Hawley concluded that plaintiff experiences "[p]oor balance due to: 1 – Moderately severe Sensorimotor Axonal Peripheral Neuropathy of unknown cause . . . ; 2 – Chronic, bilateral, but left clinically worse than right, L-5-S1 painful radiculopathy." R. 8. Indeed, P.A. Fouse referred plaintiff to Dr. Hawley for this test. R. 7. Thus, Dr. Hawley's test results are chronologically relevant. Boothe, 2018 WL 709978, at *4 (letter did not "specifically state" that the opinions therein related back, but physician relied on medical records and descriptions of pain from the relevant period).

In the court's view, Dr. Jamison's and P.A. Fouse's opinions, as well as the neurological testing results reported by Dr. Hawley, qualify as new, material, and chronologically relevant. Yet, no fact finder has offered any reasons as why these reports are not such as to necessitate further assessment of plaintiff's application for benefits. Thus, the court is unable to undertake a meaningful substantial evidence review of the Appeals Council's ruling that it was unnecessary for the Law Judge to consider such evidence. See Wilkins, 953 F.2d at 95; see also 20 C.F.R. §

8

404.970(b). Accordingly, despite a substantial body of law holding that a treating physician's assessment and opinions should be accorded great weight, no fact finder has attempted to reconcile the new evidence with the findings of the state agency medical personnel who found that plaintiff is not so impaired as to prevent performance of past relevant work. See Meyer, 662 F.3d at 707. The Appeals Council's lack of an adequate explanation for denying review in light of the new evidence requires remand. Id. This is especially true in a case such as this where the new evidence is consistent with much of the testimony given by the plaintiff during the hearing before the Law Judge. Indeed, the new evidence seemingly bolsters such testimony. See supra.

Thus, the court finds "good cause" to remand this case to the Commissioner for further development and consideration.[2] If the Commissioner is unable to decide the case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send copies of this memorandum opinion to all counsel of record.

DATED: This 31st day of March, 2020.

/s/ Glen Conrad
Senior United States District Judge

---

[2] In light of the court's decision to remand the case to the Commissioner, the court declines to address plaintiff's remaining claims of error.